■ The People of the State of New York, Respondent, v. Walter Hill, Appellant.— Judgment, Supreme Court, Bronx County rendered on March 17, 1971, affirmed. As a result of the Wade hearing there could be little doubt that the identification of the defendant by Moclair, the complainant, was the result of his recognition at the scene of the crime. Moclair had described the defendant, his clothing and his gun accurately. Also, it would be rather unlikely that he could not identify him, as he had ample opportunity to observe him at close quarters while the defendant was sticking a gun in his face. Under the circumstances here the prearraignment viewing did not require the presence of counsel (People v. Carter, 28 N Y 2d 493; People v. Burwell, 26 N Y 2d 331). But even if it did, the positive identification buttressed by the many facts, all of which tend to confirm the identification, would render any possible error harmless (People v. Michael A. C., 27 N Y 2d 79; People v. Gonzalez, 27 N Y 2d 53). Concur — Kupferman, J. P., McNally, Steuer and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: The complainant Moclair testified at the trial that he was robbed at gunpoint by defendant and three accomplices. He is the only witness to the actual robbery. Officer Flanagan pursued four men whom he saw leaving the complainant's bar "in a hastily manner". He lost sight of them for only a short while. Three men (including defendant) were later arrested, and about 10 minutes after the robbery were driven back to the bar where Moclair identified the other two men but not the defendant because, as he stated, he needed more light and a better position to make an identification, and "the defendant held his head down". The three suspects were then taken to the 50th Precinct. Moclair came to the Precinct about half an hour after the incident. He was taken into a room and asked if he knew the suspects. The defendant and only the two previously identified suspects were sitting at a table. The defendant was handcuffed. Moclair identified the defendant as the man with the gun. A pretrial hearing was held to determine the admissibility of the identifi-

cation. After the hearing defendant moved to dismiss the indictment. The motion was denied; however, there were no findings made as to the subject matter of the hearing. At the trial Moclair made an in-court identification of defendant as well as describing his identification at the Precinct. The "show-up" of defendant without counsel at the Precinct, and under such an obviously suggestive procedure, renders that "identification" inadmissible and should have been excluded per se. The method employed was unjust and defendant's Sixth Amendment rights entitling him to counsel at the pretrial identification were violated. (*United States* v. *Wade*, 388 U. S. 218; *Gilbert* v. *California*, 388 U. S. 263; *Stovall* v. *Denno*, 388 U. S. 293, 302; *People* v. *Damon*, 24 N Y 2d 256; *People* v. *Duncan*, 34 A D 2d 883.) Since the principal issue at the trial was identification, the jury's consideration of the "show-up" on a close question of identification was prejudicial error mandating a new trial. A hearing is also required to determine whether Moclair can make an in-court identification of defendant at a new trial. The People must demonstrate that the in-court identification has an independent origin and is not tainted by the prior illegal confrontation. *United States* v. *Wade*, 388 U. S. 218, *supra; People* v. *Mitchell*, 34 A D 2d 690; *People* v. *Rahming*, 26 N Y 2d 411; *People* v. *Ballott*, 20 N Y 2d 600.) Under the circumstances presented, where the defendant was not identified when first observed in the patrol car and is only identified at an illegally conducted and highly suggestive show-up, it does not seem possible that this court can summarily decide the complainant had an "independent source" for the in-court identification. As recently noted by Surrogate Sobel: "A finding of 'independent source' does not save from reversal a case in which the prosecution has bolstered the in-court identification by direct proof of the pretrial identification. In short, a finding of 'independent source' is of no avail if there has been a violation of the *Gilbert per se* exclusionary rule. That exclusionary rule is violated if any evidence of an unconstitutional pretrial identification is introduced as part of the prosecution's direct case." (Assailing The Impermissible Suggestion: Evolving Limitations On The Abuse Of Pretrial Criminal Identification Methods, 38 Brooklyn L. Rev. 261, 311.) Since a new trial is mandated, the trial court should properly make the determination. (*Gilbert* v. *California, supra.*) Findings following such hearings are essential in all cases for the guidance of defendant at the trial as well as for the reviewing court. Accordingly, I would reverse and remand for a further hearing and a new trial.